UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA, ex rel.,
KEISHA KELSCHENBACH,

                      Plaintiffs,

              -v-

M&T BANK CORPORATION,            13-CV-0280(S)

                    Defendant.

## UNITED STATES' NOTICE OF INTERVENTION IN PART FOR PURPOSES OF SETTLEMENT AND DECLINATION IN PART

The United States, Relator, and Defendant have reached a settlement agreement to resolve this action. In light of this agreement, and for the purpose of effectuating and formalizing that resolution, pursuant to the False Claims Act, 31 U.S.C. §§ 3730(b)(2) and (4), the United States respectfully advises the Court of its decision to intervene in part and decline in part for the purposes of settlement.

Specifically, the United States intervenes in this action with respect to civil claims predicated upon the following factual allegations (the "Covered Conduct): Defendant's origination, underwriting, property appraisal and quality control of single-family residential mortgage loans, excluding origination or underwriting of Home Equity Conversion Mortgages under 12 U.S.C. § 1715z-20 or Streamlined Refinances under 12 U.S.C. § 1715n(a)(7), insured by the Federal Housing Administration ("FHA") between January 1,

2006 and December 31, 2011, and that resulted in claims submitted to FHA on or before July 15, 2015.

The United States declines intervention with respect to all other claims alleged in this action apart from those based upon the Covered Conduct.

Under the terms and conditions of the settlement agreement among the parties, the United States and Relator will file a Joint Stipulation of Dismissal following the settlement payment from M&T Bank Corporation. The Joint Stipulation of Dismissal shall be with prejudice to the United States' and Relator's claims as to the covered conduct; otherwise without prejudice to the United States and with prejudice to the Relator as to all other allegations set forth in the action; and shall not include Relator's claim for reasonable expenses necessarily incurred and reasonable attorney's fees and costs pursuant to 31 U.S.C. § 3730(d). All parties agree the settlement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B).

In light of the settlement agreement reached among the parties, the United States does not presently intend to file a complaint in intervention but reserves the right to seek leave to file such a complaint in the event that M&T Bank does not pay the full settlement amount consistent with the terms of the settlement agreement.

Finally, the United States hereby requests that the Court unseal the Relator's Complaint, this Notice of Intervention, and all subsequent filings following this Notice of Intervention. The United States further requests that all other filings in this matter be unsealed, except that applications, memos and orders for the following dates remain under seal and not be made public at this time, as those filings contain information concerning a *qui*

*tam* matter that remains under seal:

1) Application and Memo dated April 28, 2014, Order dated May 28, 2014

2) Memo dated July 22, 2014

3) Memo dated February 10, 2015

4) Memo dated February 3, 2016

5) Memo dated April 7, 2016

A Proposed Order is filed herewith.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

JAMES P. KENNEDY, JR.
Attorney for the United States
Acting under the Authority
Conferred by 28 U.S.C. §§ 515

BY: /s/ Kathleen A. Lynch
KATHLEEN A. LYNCH
Assistant United States Attorney
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5830

MICHAEL D. GRANSTON
RENEE BROOKER
CHRISTOPHER REIMER
SAMUEL BUFFONE

Attorneys, Civil Division
U.S. Department of Justice
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-3829

DATED: May 9, 2016

AT: Buffalo, New York

# CERTIFICATE OF SERVICE

This is to certify that copies of the foregoing Notice of Intervention in Part for Purposes of Settlement and Declination in Part (filed *in camera* and under seal) have been served by Certified Mail, Return Receipt Requested, this 9th day of May, 2016, on:

J. Nelson Thomas
Michael J. Lingle
Johnathan Ferris
Thomas & Solomon LLP
639 East Avenue
Rochester, NY 14607
(585) 272-0540


_____
Diane Carlsen
Legal Assistant

4

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into among the United States of America, acting through the United States Department of Justice and on behalf of the Department of Housing and Urban Development ("HUD") (collectively the "United States"), Manufacturers and Traders Trust Company a/k/a M&T Bank, successor by merger to M&T Mortgage Corporation ("M&T"), and Keisha Kelschenbach ("Relator") (hereafter collectively referred to as "the Parties"), through their authorized representatives.

## RECITALS

A. Between January 2006 and December 2011, M&T was a Direct Endorsement Lender approved by the Federal Housing Administration ("FHA"). M&T has its principal place of business in Buffalo, New York.

B. On March 19, 2013, Keisha Kelschenbach filed a *qui tam* action in the United States District Court for the District of Western New York captioned *United States ex rel. Kelschenbach v. M&T Bank Corp* (W.D.N.Y) 13-cv-280A, pursuant to the *qui tam* provision of the False Claims Act, 31 U.S.C. § 3730(b) (the "Kelschenbach Civil Action").

C. M&T agrees that it engaged in certain conduct related to FHA-insured mortgages set forth in Attachment A in connection with its origination, underwriting, property appraisal and quality control of single-family residential mortgage loans, excluding origination or underwriting of Home Equity Conversion Mortgages under 12 U.S.C. § 1715z-20 or Streamlined Refinances under 12 U.S.C. § 1715n(a)(7), insured by the FHA between January 1, 2006 and December 31, 2011, and that resulted in claims

1

submitted to FHA on or before July 15, 2015 (hereafter referred to as the "Covered Conduct"). The United States contends that it has certain civil claims against M&T based upon the Covered Conduct.

D. This Settlement Agreement is neither an admission of liability by M&T nor a concession by the United States that its claims are not well founded.

E. Relator claims entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of this Settlement Agreement and to Relator's reasonable expenses, attorneys' fees and costs.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

## TERMS AND CONDITIONS

1. M&T shall pay to the United States $64,000,000 (the "Settlement Amount") by electronic funds transfer pursuant to written instructions to be provided by the Civil Division of the United States Department of Justice no later than seven (7) days after the Effective Date of this Agreement.

2. Subject to the exceptions in Paragraph 4 (concerning excluded claims) below, and conditioned upon M&T's full payment of the Settlement Amount, the United States releases M&T, together with its current and former parent corporations, predecessor and successor corporations, divisions, affiliates, and direct and indirect subsidiaries from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812 & 24 C.F.R. §§ 28.1-28.45; the

Financial Institutions Reform, Recovery, and Enforcement Act of 1989, 12 U.S.C. § 1833a; or the common law theories of fraud, payment by mistake, unjust enrichment, breach of fiduciary duty, breach of contract, negligence or any other statutory or common law cause of action that the Civil Division of the Department of Justice has authority to assert and compromise pursuant to 28 C.F.R. § 0.45(d) in connection with the Covered Conduct or the Released Loans referenced in Attachment A.

3. Conditioned upon M&T's full payment of the Settlement Amount, Relator, for herself and for her heirs, successors, attorneys, agents and assigns, releases M&T together with its current and former corporations, predecessor and successor corporations, divisions, affiliates, and direct and indirect subsidiaries, and any of their current or former officers, directors, employees, agents or attorneys from any and all claims of every nature and description, known or unknown, that the Relator has or may have up to and including the Effective Date, including, but not limited to any claims the Relator has or has asserted on behalf of the United States in the Kelschenbach Civil Action, provided, however, that nothing in this Agreement shall preclude Relator from seeking to recover her reasonable expenses necessarily incurred or reasonable attorney's fees and costs from M&T pursuant to 31 U.S.C. § 3730(d).

4. Notwithstanding the releases given in paragraphs 2 and 3 of this Agreement, or any other term of this Agreement, the following claims of the United States are specifically reserved and are not released:

      a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

      b. Any criminal liability;

3

c. Except as explicitly stated in this Agreement, any administrative liability, including the suspension and debarment rights of any federal agency;

d. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

e. Any liability based upon obligations created by this Agreement;

f. Any liability of individuals.

5. Relator and her heirs, successors, attorneys, agents, and assigns shall not object to this Agreement but agree and confirm that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B). In connection with this Agreement, Relator and her heirs, successors, attorneys, agents, and assigns agree that neither this Agreement, any intervention by the United States in the Kelschenbach Civil Action in order to dismiss the Kelschenbach Civil Action, nor any dismissal of the Kelschenbach Civil Action, shall waive or otherwise affect the ability of the United States or the Relator to contend that provisions in the False Claims Act, including 31 U.S.C. §§ 3730(d)(3) and 3730(e), bar the Relator from sharing in the proceeds of this Agreement. Moreover, the United States and the Relator and her heirs, successors, attorneys, agents, and assigns agree that they each retain all of their rights pursuant to the False Claims Act on the issue of the share percentage, if any, that Relator should receive of any proceeds of the settlement of Relator's claim(s).

6. Relator and her attorneys have a claim for reasonable expenses necessarily incurred and reasonable attorney's fees and costs. Relator's claim for reasonable attorney's fees is not released herein. M&T agrees to pay reasonable expenses

4

necessarily incurred and reasonable attorney's fees and costs pursuant to 31 U.S.C. § 3730(d), separate and apart from its payment to the United States under this Agreement. Should the parties be unable to reach an agreement on the amount of the reasonable expenses necessarily incurred and reasonable attorney's fees and costs, then the United States District Court for the Western District of New York shall have continuing jurisdiction to issue an order with regard to the payment of reasonable expenses necessarily incurred and reasonable attorney's fees and costs.

7. M&T waives and shall not assert any defenses M&T may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action. Nothing in this paragraph or any other provision of this Agreement constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

8. M&T fully and finally releases the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that M&T has asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants, related to the Covered Conduct and the United States' investigation and prosecution thereof.

9.  a.  Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47) incurred by or on behalf of M&T, and its present or former officers, directors, employees, shareholders, and agents in connection with:

   (1) the matters covered by this Agreement;

   (2) the United States' audit(s) and civil investigation(s) of the matters covered by this Agreement;

   (3) M&T's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil investigation(s) in connection with the matters covered by this Agreement (including attorney's fees);

   (4) the negotiation and performance of this Agreement;

   (5) the payment M&T makes to the United States pursuant to this Agreement,

are unallowable costs for government contracting purposes (hereinafter referred to as "Unallowable Costs").

   b.  Future Treatment of Unallowable Costs: Unallowable Costs will be separately determined and accounted for by M&T, and M&T shall not charge such Unallowable Costs directly or indirectly to any contract with the United States.

   c.  Treatment of Unallowable Costs Previously Submitted for Payment: Within 90 days of the Effective Date of this Agreement, M&T shall identify and repay by adjustment to future claims for payment or otherwise any Unallowable Costs included in payments previously sought by M&T or any of its subsidiaries or

affiliates from the United States. M&T agrees that the United States, at a minimum, shall be entitled to recoup from M&T any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted requests for payment. The United States, including the Department of Justice and/or the affected agencies, reserves its rights to audit, examine, or re-examine M&T's books and records and to disagree with any calculations submitted by M&T or any of its subsidiaries or affiliates regarding any Unallowable Costs included in payments previously sought by M&T, or the effect of any such Unallowable Costs on the amount of such payments.

10. M&T agrees to cooperate fully and truthfully with any investigation by the United States of M&T's underwriting and origination of FHA loans between January 1, 2006 and December 31, 2011 with regard to individuals and entities not released in this Agreement by encouraging, and by agreeing not to impair, the cooperation of its directors, officers, and employees, in making themselves available, on reasonable notice, for interviews and testimony, consistent with the rights and obligations of M&T under existing laws or regulations. M&T further agrees to furnish to the United States, upon request, complete and unredacted copies of all documents, reports, memoranda of interviews, and records in its possession, custody, or control concerning any investigation of the Covered Conduct that it has undertaken, or that has been performed by another on its behalf, other than documents covered by any applicable protection or privilege.

11. This Agreement is intended to be for the benefit of the Parties only.

12. Upon receipt of the payment described in Paragraph 1, above, the United States and Relator shall file in the Kelschenbach Civil Action a Joint Stipulation of Dismissal of the Kelschenbach Civil Action, pursuant to Rule 41(a)(1).

a. The Stipulation of Dismissal shall be with prejudice as to the United States' and Relator's claims as to the Covered Conduct;

b. The Stipulation of Dismissal shall otherwise be without prejudice as to the United States and with prejudice as to Relator as to all other allegations set forth in the Kelschenbach Civil Action.

c. The Stipulation of Dismissal will not include Relator's claim for reasonable expenses necessarily incurred and reasonable attorney's fees and costs pursuant to 31 U.S.C. § 3730(d), which shall not be dismissed and shall remain pending.

13. Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement except, as set forth in Paragraph 6 above, Relator may seek reasonable expenses necessarily incurred and reasonable attorney's fees and costs pursuant to 31 U.S.C. § 3730(d).

14. Each party and signatory to this Agreement represents that it freely and voluntarily enters in to this Agreement without any degree of duress or compulsion.

15. This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement, including determination of relator's share, is the United States District Court for the Western District of New York. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

16. This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent signed by all of the Parties.

17. The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

18. This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

19. This Agreement is binding on M&T's successors, transferees, heirs, and assigns.

20. This Agreement is binding on Relator's successors, transferees, heirs, and assigns.

21. All Parties consent to the United States' disclosure of this Agreement, and information about this Agreement, to the public.

22. This Agreement is effective on the date of signature of the last signatory to the Agreement ("Effective Date of this Agreement"). Facsimiles or scanned copies of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

THE UNITED STATES OF AMERICA

DATED: 5/9/16    BY: _____
Christopher Reimer
Samuel Buffone
Trial Attorneys
Commercial Litigation Branch
Civil Division
United States Department of Justice

DATED: 5/9/16    BY: _____
Kathleen Lynch
Assistant United States Attorney
Western District of New York

10

## M&T BANK

DATED:_____  BY: _____
                       Michael J. Todaro
                       Executive Vice President
                       M&T Bank

DATED: 5-6-16  BY: *[signature: Phillip L. Schulman]*
                       Phillip Schulman
                       Mayer Brown LLP
                       Counsel for M&T Bank

M&T BANK

DATED: 5/6/2016    BY: *[signature]*
Michael J. Todaro
Executive Vice President
M&T Bank

DATED:_____    BY: _____
Phillip Schulman
Mayer Brown LLP
Counsel for M&T Bank

11

Keisha Kelschenbach - RELATOR

DATED: 5/16/2016  BY: /s/ Keisha Kelschenbach
Keisha Kelschenbach

DATED: 5·16·2016  BY: /s/ J. Nelson Thomas
J. Nelson Thomas
Michael J. Lingle
Jonathan Ferris
Thomas & Solomon LLP
Counsel for Keisha Kelschenbach

12