UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA *ex rel.*
KEISHA KELSCHENBACH,

                    Plaintiffs,

v.                                               **DECISION AND ORDER**
                                                         13-CV-280S

M&T BANK CORPORATION,

                    Defendant.

      1.      Presently before this Court is Patrick Lester, Marlene Miller, and Pauline Myers' (the "SDNY Relators") Motion for Reconsideration of the Decision and Order denying their Motion to Intervene. (Docket No. 99.) As held by the Second Circuit, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

      2.      First, the SDNY Relators contend that this Court erred because the Decision and Order did not expressly cite Walburn v. Lockheed Martin Corp., in which the Sixth Circuit held that Rule 9(b)'s heightened pleading standard should be applied when evaluating whether a relator's complaint was filed first under § 3730(b)(5). 431 F.3d 966, 972 (6th Cir. 2005). The Second Circuit has not yet ruled on this issue, but recently rejected a separate but related holding of Walburn, specifically that the § 3730(b)(5) first-to-file rule is jurisdictional. See United States ex rel. Hayes v. Allstate Ins. Co., 853 F.3d 80, 85 (2d Cir. 2017) (joining the D.C. Circuit to hold "that the first-to-

1

file rule is not jurisdictional and instead bears on the merits of whether a plaintiff has stated a claim"). Further, the two cases on which this Court relied in the Decision and Order, Heineman-Guta and Batiste, both discuss Walburn. In U.S. ex rel. Heineman-Guta v. Guidant Corp., the First Circuit rejected Walburn, finding that "[i]n grafting Rule 9(b) particularity requirements onto the first-to-file rule, the Sixth Circuit did not address in-depth the plain language of § 3730(b)(5), or the different purposes behind Rule 9(b) and § 3730(b)(5)." 718 F.3d 28, 37 (1st Cir. 2013). The First Circuit instead agreed with U.S. ex rel. Batiste v. SLM Corp., in which the D.C. Circuit found Walburn "unconvincing" because the plain language of § 3730(b)(5) "militates against reading [a Rule 9(b) particularity] requirement into the statute." 659 F.3d 1204, 1210 (D.C. Cir. 2011). Although this Court did not distinguish Walburn, it considered it as non-controlling precedent and found it unpersuasive for the same reasons as expressed in the cited cases.

3. Second, the SDNY Relators argue that this Court erred because it did not consider the *qui tam* Complaint filed by the SDNY Relators in the Southern District of New York on November 8, 2013 (the "SDNY Action"), which the SDNY Relators failed to include together with the Motion to Intervene, but filed together with a later motion. In the Decision and Order, this Court noted that the unsealed Complaint was not available on the docket of the SDNY Action, and that this Court therefore could not even attempt to address whether the SDNY Relators might be considered the first-to-file party with respect to their claims. But the failure to include the Complaint with the motion to intervene only scratched the surface of why that motion was denied. Even if this Court were to review and consider the Complaint, the SDNY Relators still have not presented

sufficient information and argument to establish that they should be considered first-to-file, nor do they address the myriad other obstacles to intervention addressed in the Decision and Order.

4. Therefore, because reconsideration could not "reasonably be expected to alter the conclusion reached by the court," Shrader, 70 F.3d at 257, the Motion for Reconsideration is denied.


IT HEREBY IS ORDERED, that the Sealed Movants' [99] Motion for Reconsideration is DENIED.

SO ORDERED.

Dated: May 15, 2017
Buffalo, New York

                                                 /s/William M. Skretny
                                                 WILLIAM M. SKRETNY
                                                 United States District Judge